THOMAS WYCHE, CLIFTON WOODS, QUINTON F. BOULWARE, MOSES S. BELTON, BACKMON R. RICHARDSON, DANIEL O. HENNIGAN, AND EZRA J. MOORE, TRUSTEES OF CATAWBA PRESBYTERIAN, UNITED PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, AND CATAWBA PRESBYTERY v. CHARLES ALEXANDER, SR., MRS. ELISE O. JAMES, JOHN MORRIS, HARRY BOST, SAMUEL WAGONER, EARL N. WHITMIRE, CHARLES ALEXANDER, JR., J. FURMAN BOST, AND MRS. CHRISTINE HEMPHILL, FORMERLY TRUSTEES OF WESTMINSTER UNITED PRESBYTERIAN CHURCH, UNITED PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, AND HAROLD L. WATKINS, JAMES HENRY ALEXANDER, CHARLES ALEXANDER, SR., CHARLES ALEXANDER, JR., AND FREDERICK N. BOST

No. 7219SC391

(Filed 28 June 1972)

1. Religious Societies and Corporations § 2— church property — trust in favor of parent organization — question of law

The question of whether a trust was imposed upon a local church's property in favor of the parent church organization by the parent organization's constitution and the deed to the local church was a question of law and not a question of fact.

2. **Constitutional Law § 22; Religious Societies and Corporations § 2— dispute over church property — freedom of religion**

   The trial court's determination that a local church had been dissolved and that the title to its real property had vested in the parent church organization under a provision of the parent organization's constitution as set forth in its book of order did not violate the provisions of the First Amendment relating to religious freedom, since no controversy over religious doctrine was involved in the dispute over the property in question.

APPEAL by defendants from *Johnston, Judge,* 1 November 1971 Session of Superior Court held in CABARRUS County.

Plaintiffs—Catawba Presbytery, an official body of the United Presbyterian Church in the United States of America, and individuals who were appointed and acting trustees of Catawba Presbytery—instituted this civil action against defendants, who were members and/or former trustees of Westminster United Presbyterian Church, United Presbyterian Church in the United States of America (Westminster), prior to 18 February 1969. Plaintiffs prayed that they be adjudged the legal owners and entitled to the possession of the real and personal property of Westminster in trust, because Westminster was dissolved by the Presbytery of Catawba on 18 February 1969 and the trustees of Catawba Presbytery were directed to take over Westminster's property due to the dissolution. Plaintiffs allege that this action of dissolution of Westminster was sustained by the Synod of Catawba and then by the General Assembly of the United Presbyterian Church in the United States of America.

In response, the defendants denied plaintiffs' title and right to possession, alleging title in themselves, as trustees of Westminster Presbyterian Church of Concord, North Carolina, by record conveyances and continuing possession and use of the property for church purposes.

After both plaintiffs and defendants presented their evidence before the judge and a jury, each party moved for a directed verdict in his favor.

Upon examining the pleadings, evidence, and stipulations, the trial judge granted plaintiffs' motion for a directed verdict and denied defendants' motion for a directed verdict.

Based on its findings and conclusions, the trial judge ordered title to the property in controversy be vested in the

trustees of the Presbytery of Catawba and their successors for the purposes of the trust defined in the Constitution of the United Presbyterian Church in the United States of America, and enjoined and restrained defendants from interfering with and disturbing the lawful possession of Westminster's property by plaintiffs.

Defendants appealed.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Jos. W. Grier, Jr., for plaintiff-appellees.*

*Williams, Willeford & Boger, by John R. Boger, Jr., for defendant-appellants.*

BROCK, Judge.

The first argument presented by defendants on appeal is whether the trial court erred in granting the plaintiffs' motion for a directed verdict without submitting to the jury any of the issues tendered by the defendants.

The defendants argue that there were issues raised for jury determination of whether the Book of Order was followed in attempting to dissolve Westminster, whether there was fair play and substantial justice done, or whether there was justification for the alleged resolution of the Catawba Presbytery. Therefore, defendants contend that the trial court erred, because Rule 50 of the North Carolina Rules of Civil Procedure does not confer upon the trial judge the power to direct a verdict in favor of the party having the burden of proof. They rely upon *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297. We do not agree.

The trial court found that "there is no issue of fact for submission to the jury." The evidence of plaintiffs and defendants is in agreement that the Presbytery of Catawba dissolved Westminster and that the judgment of the General Assembly, the highest judicatory of the United Presbyterian Church, dated 20 May 1970, affirmed the dissolution of Westminster by the Presbytery. The evidence of both parties is in agreement that Westminster is now extinct and the property formerly used by that church is now controlled by defendants as Westminster Presbyterian Church of Concord, North Carolina, for the use of a different denomination. The real contention of the

Wyche v. Alexander

defendants is not that Westminster is not extinct, but that no trust was imposed on Westminster's property in favor of the parent church organization. This is a question of law and not a question of fact.

[1] The controlling documents necessary to decision were stipulated and admitted by agreement of the parties. The Constitution in the Book of Order created the office of trustee held by defendants and required these trustees to hold the property subject to that constitution. The church property was deeded to the Westminster trustees, defendants' predecessors in interest, in 1892 for a nominal consideration for the benefit of the parent church by a seminary (Scotia Seminary—the predecessor in interest to Barber-Scotia College) operated by the parent denomination. We hold that the construction of these stipulated documents is a question of law for the Court and not a question of fact for the jury.

In the present case, the trial court did not err in directing the verdict for the plaintiffs because the question had become one of law exclusively. The preliminary question for the judge was whether there was a "genuine issue of fact." Clearly the pleadings, evidence, and stipulations show that there was no "genuine issue of fact" for jury consideration, and the trial judge correctly found this to be the case. *Cutts v. Casey, supra,* is distinguishable because in *Cutts* the credibility of evidence was involved.

[2] Defendants' second argument is as follows: the trial court erred in its judgment in holding that Westminster was dissolved and that upon its dissolution the title to the property of the church vested in the Catawba Presbytery of the United Presbyterian Church in the United States of America under a provision of the Book of Order of said denomination rather than in the trustees of Westminster Presbyterian Church of Concord, North Carolina, under the provisions of the deeds and applicable state property law.

The thrust of defendants' argument is that the trial court was limited to the consideration of deeds to Westminster and State law in making its determination of ownership of the church property, and that the trial court could not inquire into the Book of Order, as this was church dogma and policy and not "neutral principles of law developed for use of all property disputes." As

the basis of this argument, defendants cite *Presbyterian Church v. Hull Church,* 393 U.S. 440, 21 L.Ed. 2d 658, 89 S.Ct. 601.

Clearly the principles enunciated in *Presbyterian Church v. Hull Church, supra,* do not apply to the case before us. In *Hull* the church property title dispute arose when two local churches withdrew from the the hierarchical general church organization due to doctrinal disputes. The question presented in *Hull* was whether the restraints of the First Amendment, as applied to the States through the Fourteenth Amendment, permitted a civil court to determine ownership of church property on the basis of the interpretation and significance the civil court assigned to aspects of church doctrine.

The title dispute presently before us, does not involve interpretation of church doctrine or related ecclesiastical questions. Here the trial court was only asked to resolve a title dispute and there was no controversy over church doctrine or request to terminate an implied trust because of departures from doctrine. Thus, on the basis of *Hull,* we find defendants' argument without merit. The trial court did not err in inquiring into the Book of Order and such inquiry was not "establishing" churches.

The trial court found and there was no disagreement that the United Presbyterian Church in the United States is an association of Presbyterian churches governed by a hierarchy; that Westminster prior to 18 February 1969 was a local Presbyterian Church governed by the hierarchy and the Book of Order of the United Presbyterian Church in the United States of America; that on 18 February 1969 the Presbytery of Catawba dissolved Westminster; and that the General Assembly affirmed the dissolution of Westminster. The trial court further found that title to Westminster's real estate was conveyed to the trustees of Westminster for the purposes of a trust defined by the provisions of the Constitution of the United Presbyterian Church in the United States of America, wherein their offices and duties were created, as found in the Book of Order, and that, upon dissolution of Westminster, title to the church property passed to the parent organization in furtherance of the purposes of the trust. The trial court did not have to inquire whether the governing body of the church had power under religious law to control the property in making its findings and conclusions as these were agreed to by the parties. The only question presented was whether title to the Westminster

property had passed in accordance with the trust in the Book of Order. The trial court held that it had and we agree.

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.