CHARLES B. PRICE v. IRVIN CONLEY

No. 7427DC155

(Filed 17 April 1974)

1. **Rules of Civil Procedure § 50— judgment n.o.v. for party with burden of proof**

   Though defendant had the burden of proving waiver or estoppel on the part of plaintiff, the trial court's granting of defendant's

Price v. Conley

motion for judgment n.o.v. was procedurally correct even in the absence of any evidence from defendant since the pleadings, plaintiff's testimony, and stipulations showed that there was no genuine issue of fact for jury consideration.

2. **Landlord and Tenant § 18— default in payment of rent increase — waiver by landlord of right to terminate lease**

In a lessor's action to recover possession of leased premises for failure of the lessee to pay a $5.00 monthly increase in rent, the trial court properly granted defendant's motion for judgment n.o.v. since, by quietly accepting the lesser amount of rent for ten months, plaintiff waived his right to terminate the lease by reason of defendant's past failure to pay the increased amount.

3. **Registration § 3— lease recorded — constructive notice**

Plaintiff's testimony that he obtained a copy of the lease between his devisor and defendant from the courthouse showed that the lease was recorded, and plaintiff was thereby provided with constructive notice.

APPEAL by plaintiff from *Bulwinkle, Judge,* 27 August 1973 Session of District Court held in CLEVELAND County.

Plaintiff instituted this action to have a lease declared null and void on the ground that defendant had breached his lease with plaintiff's devisor, and to have defendant ejected from the leased premises. At the call of his case, plaintiff moved to amend his complaint by striking his prayer for ejectment. Without objection, the amendment was allowed.

Admissions in the pleadings, stipulations and plaintiff's evidence tended to show:

Myrl Price Jones, plaintiff's devisor, and her husband, E. D. Jones, entered into a lease with defendant on 26 July 1967 for the lease of property located on the corner of Grover and First Streets in Shelby. The period of the lease was from 26 July 1967 to 10 August 1969, at a rental of $35 per month. Defendant had the right to renew the lease for an additional ten year period, beginning 10 August 1969, at a rental of $40 per month. The lease provided that if the monthly rental payment for any one month was in arrears for as much as 15 days, the lessors would have the right to terminate the lease and retake possession. Defendant breached the lease by failure to increase the rental payments from $35 to $40 per month for the period from 10 August 1969 through 1 June 1970.

As a witness for himself, plaintiff's testimony showed: His mother, Mrs. Myrl Jones, died on 9 January 1969 and he quali-

fied as executor of her estate a month or two later. Thereafter, as executor of the estate and sole devisee under Mrs. Jones' will, he went by the subject property on the first of each month and collected the rent from defendant. The first ime he saw a copy of the lease was in late May or in June of 1970 when he obtained a copy from the courthouse records. It was then that he learned that defendant should have been paying rent at the rate of $40 per month. He accepted rental payments of $35 per month from defendant from the time he qualified as executor (in January or February of 1969) until late May or June of 1970 when he told defendant "to terminate the lease."

When plaintiff rested, defendant moved for directed verdict under G.S. 1A-1, Rule 50, which motion was denied. Defendant declined to present evidence and renewed his motion for directed verdict, and that motion was also denied. After a verdict in favor of plaintiff, defendant moved under Rule 50 for judgment notwithstanding the verdict and the motion was allowed. From the allowance of that motion and judgment predicated thereon, plaintiff appealed.

*Horn, West, Horn & Wray, by C. A. Horn, for plaintiff appellant.*

*Yelton & Lamb, P.A., by Robert W. Yelton, for defendant appellee.*

BRITT, Judge.

The sole issue submitted to the jury was: "Did the plaintiff, by his action, condone the action of defendant, and thereby waive his right to assert the breach on the part of the defendant?" The jury answered the issue in the negative.

[1]  In his answer, defendant pled waiver or estoppel on the part of plaintiff. G.S. 1A-1, Rule 8(c) makes waiver an affirmative defense; on an affirmative defense, the burden of proof lies with the defendant. Therefore, it would appear at first glance that the allowance of the motion for judgment notwithstanding the verdict in this case violated the rule laid down in *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971). A further examination, however, shows that this case lies within the distinction set forth in *Wyche v. Alexander,* 15 N.C. App. 130, 189 S.E. 2d 608 (1972). Justice Sharp in *Cutts v. Casey, supra,* at 421, 314, says: "The established policy of this State—declared in both the constitution and statutes—is that the credibility of

testimony is for the jury, not the court, and that a genuine issue of fact must be tried by a jury unless this right is waived. [Citation.] Whether there is a 'genuine issue of fact' is, of course, a preliminary question for the judge."

Here, as in *Wyche,* the pleadings, evidence, and stipulations show that there was no "genuine issue of fact" for jury consideration. The only evidence in this case supplementing the admissions and stipulations was plaintiff's own testimony; therefore, if defendant's burden was met, it was met for him by plaintiff. In such instance, it is permissible to grant a Rule 50 motion in favor of a party with the burden of proof. *Charles F. Curry and Company v. Hedrick,* 378 S.W. 2d 522 (Mo. 1964); *Coulthard v. Keenan,* 256 Iowa 890, 129 N.W. 2d 597 (1964); and *Smith v. Burleson,* 9 N.C. App. 611, 177 S.E. 2d 451 (1970). Thus, at least procedurally, the granting of the motion was correct and leaves us to determine if the granting was substantially correct.

[2]  A previous action between the parties, involving the same subject matter, was before this court in the Fall of 1971, the opinion being reported in *Price v. Conley,* 12 N.C. App. 636, 184 S.E. 2d 405 (1971). The present action was instituted on 23 January 1973 and, this being another case, we do not decide if the former opinion established "the law of the case." It suffices to say that we think Judge Parker accurately stated the law applicable to this case when he wrote at page 640:

> "A provision in a lease for termination at the option of the lessor upon breach of the lessee's obligation to pay rental is not self-executing. Such a provision may be waived by the landlord, for whose benefit it was inserted, and he may elect to treat the lease as continuing in effect. Moreover, the purpose of such a provision is not to provide a forfeiture with which to surprise an unwary tenant, but to secure the landlord in his right to receive the rental called for in the lease. 'Provisions for the forfeiture of a lease for nonpayment of rent, whether contractual or statutory, are considered in equity as securing the rent, and not as providing for the forfeiture of the lease where the tenant acts in good faith and pays promptly on demand.' 49 Am. Jur. 2d, Landlord and Tenant, § 1034, p. 1002.

> "In the present case the plaintiff landlord, by quietly accepting monthly payments of rental in the amount of

$35.00 for many months after August 1969, recognized the lease as continuing in effect and waived, not his right to collect monthly rental in the increased amount of $40.00 as called for in the lease, but his right to terminate the lease by reason of his lessee's past defaults. This waiver continued until the lessor made demand upon the lessee to pay the amount by which he was in arrears and until the lessee, after being given a reasonable opportunity to do so, should fail to make such payment."

Plaintiff argues that, at the trial of this action, he showed that he did not have knowledge of the lease provision for an increase in rental payments until after he had accepted some ten payments; therefore, his acceptance did not amount to "quietly" accepting erroneous payments with the result that he recognized the lease as continuing in effect and waived his right to terminate the lease.

[3] We feel that regardless of this showing, knowledge was imputed to plaintiff. Plaintiff's testimony that he obtained a copy of the lease from the courthouse showed that the lease was recorded, and that provided plaintiff with constructive notice. See 6 Strong, N. C. Index 2d, Registration, § 3, at 649 (1968). Therefore, we hold that the trial court was substantively correct in granting defendant's motion.

We have examined plaintiff's other assignment regarding the refusal of the trial court to allow the attorney who prepared the lease to testify that he did so at the request of defendant. We do not think that testimony would be relevant to the question of waiver under the facts in this case. This assignment is likewise overruled.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges HEDRICK and CARSON concur.