ELIJAH PLUM ALLIGOOD v. SEABOARD COASTLINE RAILROAD

No. 742SC199

(Filed 1 May 1974)

1. **Railroads § 7— crossing accident — contributory negligence of truck driver**

   In an action to recover damages for personal injuries sustained when plaintiff's truck and defendant's train collided, the trial court properly granted defendant's motion for a directed verdict where the evidence tended to show that plaintiff observed signs and knew that he was approaching a railroad crossing, plaintiff did not reduce his speed, and plaintiff collided with the train after it entered the crossing.

2. **Rules of Civil Procedure § 50— directed verdict for party with burden of proof**

   Trial court did not err in granting defendant's motion for a directed verdict on the grounds that the evidence failed to establish negligence on the part of defendant but did establish contributory negligence as a matter of law on the part of the plaintiff, since the granting of a directed verdict for the party with the burden of proof is permissible when the only evidence is plaintiff's own evidence and defendant's burden is met for him by the plaintiff.

APPEAL by plaintiff from *Martin (Harry C.), Judge* at the 8 October 1973 Session of BEAUFORT Superior Court.

Heard in the Court of Appeals 11 April 1974.

This is a civil action for the recovery of damages for personal injuries and damages sustained to plaintiff's truck in a collision with a train owned by the defendant Seaboard Coastline Railroad.

On 22 May 1972, the plaintiff loaded his pickup truck with some seventy sheets of tin or iron and five or six hundred pounds of nails at Moore's Building Supplies in Washington, North Carolina. Plaintiff then proceeded from Moore's Building Supplies out Fifth Street to Clark's Neck Road (State Road 1403) where he turned left and proceeded south down Clark's Neck Road.

The railroad tracks in question are perpendicular to Clark's Neck Road and are located five hundred feet south down Clark's Neck Road from Fifth Street. Sixty-nine feet north of the tracks on the western side of the road is located a warehouse. The warehouse is 22.5 feet wide, 413 feet long, is parallel to the tracks and was 28 feet from the western edge of the road.

---

---

Plaintiff testified that he had been over this crossing at other times. He further testified that as he proceeded south along Clark's Neck Road, he noticed the railroad crossing sign located 300-340 feet north of the tracks on Clark's Neck Road and the sign located at the crossing itself and that he knew he was approaching a railroad crossing. The plaintiff testified that after he turned onto Clark's Neck Road, he built up his speed to 20-25 miles per hour and did not slow down at any time before he applied his brakes. Plaintiff further testified that it was 3:55 p.m. on a "pretty, sunshiny day." He testified:

> "When I cleared the building, I heard the whistle on the train. The train then was in the edge of the road, coming around the building, is the only time I heard any whistle blow.

> I run into it. I locked the wheels on my truck and just eased right into it, just did touch the tank on the train, and it tore my truck, threw it over in the ditch with me and Mr. Waters in it.

> \* \* \* \*

> The train was going between 25 and 30, somewhere along in there."

At the close of plaintiff's evidence, defendant moved for a directed verdict on the grounds the evidence, even when taken in the light most favorable to the plaintiff, failed to establish actionable negligence on the part of the defendant and that the evidence taken in the light most favorable to the plaintiff established contributory negligence as a matter of law on the part of the plaintiff. From the granting of defendant's motion and dismissal of the action, plaintiff appealed.

*Wilkinson, Vosburgh & Thompson by John A. Wilkinson for plaintiff appellant.*

*Rodman, Rodman & Archie by Edward N. Rodman and Frederick N. Holscher for defendant appellee.*

CAMPBELL, Judge.

[1, 2] We have considered all the evidence in the light most favorable to the plaintiff and hold that there was no error in the trial court's granting the motion for directed verdict. As to the contributory negligence of the plaintiff driver, we hold that

this case falls within the exception to *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971), as outlined in *Wyche v. Alexander,* 15 N.C. App. 130, 189 S.E. 2d 608 (1972), and *Price v. Conley,* filed in the Court of Appeals on 17 April 1974, in that the granting of a directed verdict for the party with the burden of proof is permissible when the only evidence was plaintiff's own evidence and defendant's burden is met for him by the plaintiff. Compare with *Brown v. R. R. Co.* and *Phillips v. R. R. Co.,* 276 N.C. 398, 172 S.E. 2d 502 (1970).

Affirmed.

Judges MORRIS and VAUGHN concur.