F. SHELTON THORNTON v. GEORGE L. THORNTON

No. 794SC513

(Filed 5 February 1980)

**Master and Servant § 29— plaintiff and defendant's son cropping tobacco together —negligence action—fellow servant rule applicable**

    In an action to recover for injuries sustained by plaintiff while he and defendant's son were cropping a field of tobacco, the fellow servant rule applied to bar recovery since plaintiff and defendant's son were engaged in the service of defendant and were working together to accomplish the common job of cropping the field of tobacco, and there was no merit to plaintiff's contention that defendant's son, in "doing the bidding of his father without compensation," thereby became the alter ego of his father so that the negligence of the son was imputed to the father.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 9 January 1979 in Superior Court, SAMPSON County. Heard in the Court of Appeals on 10 January 1980.

Plaintiff in this negligence action is the brother of the defendant. On 4 February 1977 he filed suit alleging that the negligence of his brother proximately resulted in serious injuries to his leg when a tobacco harvester being operated by the defendant's eleven-year-old son, Keith, lunged forward, throwing plaintiff to the ground and causing the wheel of the harvester to run over his leg. He contended that Keith was negligent in allowing the tractor to lunge forward and that the negligence of Keith was imputable to his father [defendant]. Plaintiff claimed damages in the amount of $65,000.00.

Defendant answered and generally denied the material allegations of plaintiff's complaint with respect to his or his son's negligence. He further alleged that his son Keith "was operating the tractor with his knowledge, permission and consent and that he was then and there acting as the Defendant's employee in the course and scope of his employment." Moreover, he asserted that the plaintiff's contributory negligence solely and proximately caused his injuries, and barred any recovery. By an amendment to his answer dated 20 September 1978, defendant specifically pleaded the affirmative defense of injury by a fellow servant in bar of any right of plaintiff to recover.

The matter came on for trial, and plaintiff testified substantially as follows:

In July 1975 plaintiff was helping his brother, the defendant, "crop tobacco." He was paid by the hour and he had helped his brother "in many harvesting situations in years past." On the morning of the accident plaintiff went to work around 7:00 a.m. He and defendant's two sons, Keith and Lem, along with defendant's wife Frances and an employee, Tom Butler, went to the fields to harvest the tobacco, while defendant remained at the tobacco barns to remove dried tobacco.

Plaintiff testified that the tobacco harvester is a ferris-wheel-type harvester pulled by a tractor. Keith was driving the tractor; the others were seated in various places on the harvester in swing-type seats suspended by chains from the top of the harvester. Plaintiff said that although "you normally sit" to crop tobacco, he was standing at the time of the accident. He described the occurrence this way:

Plaintiff asked Keith to stop the tractor in order to get it in the right row of tobacco. Keith backed up to the proper row and stopped. At that point plaintiff was standing, and he asked Keith to wait while he lowered his seat.

> [Keith] was sitting in the tractor seat at this time. After I asked him to allow me to lower my seat Keith was leaning over the back of his tractor seat and he was looking in the direction of where I was standing. While I was in the process of lowering my seat the tractor and harvester launched forward and my foot was caught. Launched forward means the tractor did not ease off. It jumped forward. When the tractor jumped forward the wheel caught the side of my foot and I began to holler.

> I was standing at the time my foot was caught.

Plaintiff testified further that it was not unusual for Keith to drive the tractor and that he had seen him driving the same tractor many times. He explained that "[t]his was a family farm and by this I mean that the whole family worked on the farm. No member of the family had any particular job." On cross-examination he conceded that he knew of nothing which would indicate that Keith was incompetent to drive the tractor, and he

acknowledged that he had never seen the boy operate the tractor in a careless or reckless manner. He also testified that the tractor was still moving when he first got out of his seat.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict. The trial judge allowed the motion upon his conclusion that "the plaintiff and the young Keith Thornton were fellow servants. . . ." Plaintiff appealed.

*Daughtry, Hinton & Woodard, by N. Leo Daughtry and Gary W. Ragland, for the plaintiff appellant.*

*Horton, Singer, Michaels & Hinton, by Walter L. Horton, Jr., for the defendant appellee.*

HEDRICK, Judge.

By his single assignment of error, plaintiff contends that the court erred in directing a verdict for defendant. He argues that the fellow servant rule does not apply in this case for that the defendant's son, in "doing the bidding of his father without compensation", thereby became the "alter ego" of his father. Under that theory, plaintiff asserts, the negligence of the son is imputed to the father, and the issue of whether the son was negligent is for the jury.

We disagree with the plaintiff's view of this case. In our opinion, the fellow servant doctrine controls the resolution of the issues raised herein so as to bar, under these circumstances, any recovery by plaintiff from the defendant father.

Initially, we feel compelled to observe that the doctrine respecting injuries inflicted by a fellow servant or co-worker is still a viable rule of law in this State in those limited employer-employee relationships which are not regulated by Chapter 97 of our General Statutes, the Workers' Compensation Act. G.S. § 97-2(1) specifically exempts from the statute's coverage agricultural and domestic employees. Moreover, our rules of civil procedure provide that "injury by fellow servant" constitutes an affirmative defense. G.S. § 1A-1, Rule 8(c). Thus, while the rule has been limited in its scope, it has not been abrogated in its entirety. We believe that application of the rule in this case is appropriate for the reasons to follow.

The fellow servant doctrine derives from early English common law and operates to absolve an employer from any liability to one of his employees for injuries incurred "solely as the result of the negligence, carelessness, or misconduct of others who are in the service of the employer and who are engaged in the same common or general employment as the injured employee." 53 Am. Jur. 2d *Master and Servant* § 295 at 327 (1970).

> If an employer observes the requisite degree of care which the common law imposes upon him and complies with such statutory obligations as are imposed upon him, and an employee is injured because of the negligence of a fellow employee engaged in common employment with the employee injured, during the progress and while performing the part of work incident to the common employment, the employer is exempt from liability. . . .

*Id. Accord, Pleasants v. Barnes*, 221 N.C. 173, 19 S.E. 2d 627 (1942). In the case before us, it is not disputed that plaintiff and defendant stood in an employer-employee relationship at the time of the plaintiff's accident. Neither is it argued that defendant's liability arises because he has violated some statute, and we note that the child labor regulations in effect at the time of this suit did not apply "to the employment of a minor engaged in domestic or farm work performed under the direction or authority of the minor's parent or guardian." G.S. § 110-1. *See,* for current regulations, G.S. § 95-25.14 (1979 Cum. Supp.). Moreover, plaintiff would be hard-pressed to assert that the defendant's liability arises from his employing or entrusting the job of driving the tractor to a worker whom he knew or should have known was incompetent for the task since plaintiff has testified that he had observed the minor son driving the same tractor on many occasions, and that he had never seen Keith operate the tractor in a negligent or careless way. Plaintiff was also compelled to concede that he knew of nothing which would indicate to him that Keith was not competent to drive the tractor. Although we express no opinion on the matter, we note further that plaintiff's only theory of negligence rests on the fact that the tractor "launched forward." He offered no evidence of any specific acts of negligence on the part of either Keith or the defendant.

The crucial question, then, is whether plaintiff and defendant's son were "fellow servants" as to each other at the time of the injury, and the crux of that determination depends on whether they were engaged in the service of defendant to perform the same general or common work. We think it obvious from the facts that they were so engaged. The issue is not answered by reference to the fact that plaintiff is the brother and Keith the son of the defendant, nor is it resolved on the basis that plaintiff was paid an hourly wage while the son was not. The test, rather, is whether they shared fairly equally the responsibilities of accomplishing a particular task. Clearly, the test is met in this case where everyone involved in the operation of the harvester was working together to accomplish the common job of cropping the field of tobacco.

We cannot agree with plaintiff that the son was the "alter ego" of his father under the facts of this case. An "alter ego" or vice principal of the employer is an employee who exercises authority or control over the job being performed. "Unless the higher rank of the offending servant gave him the right of controlling the injured one, the defense of common employment will prevail." 53 Am. Jur. 2d, *supra* § 333 at 351. Nothing appears in the record before us to suggest that this eleven-year-old boy was in charge of the cropping operation on the morning plaintiff was injured, or that he had the right to control plaintiff's performance. To the contrary, the record supports an assumption that, if anyone was directing the job, plaintiff was.

The facts here are not in dispute. Whether the plaintiff and the son were fellow servants is, in our opinion, a question of law for the court. We hold that the judge correctly determined the question in this case. Thus, it was proper to enter a directed verdict for the defendant since the plaintiff's own evidence establishes the defendant's affirmative defense. *See Price v. Conley*, 21 N.C. App. 326, 204 S.E. 2d 178 (1974); *Wyche v. Alexander*, 15 N.C. App. 130, 189 S.E. 2d 608, *cert. denied*, 281 N.C. 764, 191 S.E. 2d 361 (1972). The judgment appealed from is

Affirmed.

Judges MARTIN (Robert M.) and WELLS concur.