HAROLD EUGENE SMITH, JR., by His Next Friend, HAROLD
EUGENE SMITH, SR. v. RABON BURLESON, ARNOLD BURLE-
SON and C. DAVID SWIFT, Administrator of the Estate of
TONY BURLESON, Deceased

No. 7025SC569

(Filed 18 November 1970)

1. **Rules of Civil Procedure § 50— motion for directed verdict — party having burden of proof**

    Ordinarily, it is not permissible to direct a verdict in favor of a litigant having the burden of proof.

2. **Rules of Civil Procedure § 50— facts judicially admitted — duty of judge and jury**

    When facts are judicially admitted and are no longer a subject of inquiry, it is the duty of the judge to answer the issue; the jury has no duty in such case.

3. **Negligence §§ 13, 26— plea of contributory negligence — burden of proof**

    A defendant's plea of contributory negligence raises an affirmative defense, and the burden of proof upon that issue is always upon the defendant.

4. **Negligence § 30; Rules of Civil Procedure § 50— directed verdict in negligence cases — consideration of evidence**

    In determining whether the trial court may properly direct a verdict in favor of the plaintiff on the issue of negligence, the applicable test is one of looking at all of the evidence, and if no other reasonable conclusion is possible then a directed verdict would be proper even though such verdict be in favor of the litigant having the burden of proof.

5. **Automobiles §§ 70, 91— automobile accident case — directed verdict in favor of plaintiff**

    In plaintiff's action to recover for personal injuries sustained in an automobile accident involving his car and the two cars driven by the defendant and the defendant's brother, the trial court properly granted plaintiff's motion for a directed verdict in his favor on the issue of the defendant's negligence, notwithstanding plaintiff's failure to show which car, if any, struck his car, where the defendant's negligence was effectively established by defendant's own evidence that consisted of (1) his testimony that he had entered a guilty plea to reckless driving in connection with the accident and (2) a portion of the plaintiff's complaint alleging that the defendant had lost control of his car and had crashed into the rear left side of the plaintiff's car.

6. **Evidence § 23— admission of opponent's pleadings**

    A party offering into evidence, without limitation, portions of his opponent's pleadings is bound thereby.

7. **Rules of Civil Procedure § 50— directed verdict in negligence case**
   Where the defendant in an automobile accident case established the facts of his own negligence, the trial court properly entered a directed verdict in favor of the plaintiff. G.S. 1A-1, Rule 50(a).

Judge HEDRICK dissents.

APPEAL by defendant from *Martin (Harry C.), Superior Court Judge,* 4 May 1970 Session BURKE County Superior Court.

This was an action for personal injuries sustained by plaintiff in an automobile wreck which occurred on U. S. 64 and 70 in Burke County a few miles east of Morganton.

At the close of all of the evidence, the motion of the plaintiff for a directed verdict on the issue of negligence of the defendant Rabon Burleson was allowed. The trial court submitted an issue of contributory negligence and an issue of damages to the jury, both of which were answered in favor of the plaintiff, and judgment was signed in favor of the plaintiff.

From this judgment the defendant appealed.

The facts are set forth in the opinion.

*Mitchell & Teele by W. Harold Mitchell for plaintiff appellee.*

*Simpson & Martin by Dan R. Simpson for defendant appellant.*

CAMPBELL, Judge.

This appeal presents one question, and that is whether the trial court committed error in directing a verdict on the issue of negligence in favor of the plaintiff.

[1, 2] The burden of proof on the negligence issue rested upon the plaintiff. Ordinarily, it is not permissible to direct a verdict in favor of a litigant on whom rests the burden of proof. When facts are judicially admitted and are no longer a subject of inquiry, then it is not only permissible, but it is the duty of the judge to answer the issue. The function of the jury is to ascertain the facts. They have no duty when the facts are admitted. *Chisholm v. Hall,* 255 N.C. 374, 121 S.E. 2d 726 (1961).

In the case of *Flintall v. Insurance Co.,* 259 N.C. 666, 131 S.E. 2d 312 (1963), the court held that a peremptory instruction should have been given in favor of a litigant on whom rested the burden of proof. While the court used the term

Smith v. Burleson

peremptory instruction, it probably would have been preferable to have used the term directed verdict as the factual issue had been determined and thus the intervention of the jury was unnecessary.

[3] In ordinary negligence cases where the defendant pleads contributory negligence, this raises an affirmative defense and the burden of proof upon that issue is always upon the defend-' ant. Nevertheless, the court has customarily adopted a rule of entering a judgment of nonsuit against the plaintiff when the plaintiff's own evidence establishes contributory negligence. This is tantamount to directing a verdict in favor of the party with the burden of proof.

[4] In the case of *Blake v. Mallard*, 262 N.C. 62, 136 S.E. 2d 214 (1964), the Court stated:

> ". . . However, the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible. . . ."

The test thus applied is one of looking at all of the evidence and if "no other reasonable conclusion is possible" then a directed verdict would be proper even though such directed verdict is in favor of the litigant upon whom rests the burden of proof.

This necessitates a study of the evidence adduced in the instant case.

[5] The plaintiff offered only one witness who testified to the automobile wreck itself. This witness, Carolyn Lingle (Cannon), was 17 years old on the night of 29 October 1967. She and Janice Buchanan were working in a grill on that night. She and Janice closed the grill between midnight and 1:00 a.m. Janice left with the defendant Rabon Burleson, whom she has since married, and Carolyn left with Rabon's brother, Tony Burleson. Tony was driving a 1962 black Chevrolet and Rabon was driving a 1964 red Chevrolet Impala. Carolyn and Tony left the grill first and were proceeding in a westerly direction towards Morganton on Highway 64-70. Tony was driving about 55 m.p.h., and on a straight stretch of the highway which was some six-tenths of a mile in length. Rabon passed and got in front of Tony. The two cars proceeded on down the highway about four or five car lengths apart. They went around a curve and then got on another straight stretch of road. Both drivers

accelerated their respective automobiles and attained a speed of somewhere between 80 and 100 m.p.h. Tony began to overtake Rabon, and pulled into the left lane to pass. At this time the two vehicles overtook a Mustang automobile also proceeding in a westerly direction and operated by the plaintiff. The Mustang was traveling about 55 m.p.h. Rabon pulled out into the left lane in front of Tony in order to avoid running into the rear of the Mustang. When Rabon did this, Tony applied the brakes to his car in order to avoid striking Rabon. When the brakes were applied, Tony's automobile skidded, and that was the last Carolyn remembered until she regained consciousness after the wreck.

The plaintiff sustained serious head injuries as a result of the wreck, and he did not remember any of the facts pertaining to the wreck itself.

Joseph Babb, a friend of the plaintiff who was riding in the automobile with him, had gone to sleep just prior to the wreck and knew nothing about the wreck until he "woke up" with the automobile turning over. He was rendered unconscious and regained consciousness in the hospital.

The Chevrolet driven by Tony struck a power pole. Tony was killed in the wreck.

There is nothing in the evidence offered by the plaintiff to show what, if any, vehicles struck each other. The evidence indicates that both Tony's vehicle and the plaintiff's Mustang left the hard surface of the highway and the respective occupants of both vehicles were injured.

The motion of the defendant for a directed verdict was denied. The defendant Rabon then introduced evidence.

The defendant's first witness, Ronnie Dula, testified to the effect that he was standing on a side road near his home talking to five other young men in the vicinity of an automobile. While thus engaged, he heard a loud noise like automobiles racing, and he looked up at the main highway and saw two sets of headlights. It looked as if the two automobiles were side by side, and then he heard a scraping sound, and both cars hit and started leaving the road into the pine trees. He testified, "These were the only two cars I saw." He further testified that he was not expecting a wreck to happen; that he saw the headlights coming down the road just for an instant. He had

not paid any attention to the highway before, and if anyone else had gone down the road, he had not paid any attention to them. He went to the scene and found the Chevrolet driven by Tony a complete wreck and also the Mustang driven by the plaintiff. He did not see any other automobile and did not see the Chevrolet driven by Rabon.

Gerald Russ, another witness for the defendant, testified that he and Ronnie Dula were talking when he heard a sudden burst of r.p.m.'s like cars going fast. He then looked in the direction the cars were coming and saw two sets of headlights side by side and just suddenly they went together and overturned. He testified that he did not see more than two cars. He testified that the point where he was standing was several hundred feet off the highway, and that in order to see the highway and the automobiles, he had to look through some pine trees. He testified that if any other car went by, he did not see it. He testified that the two automobiles went together and went off the road just an instant after he looked up. He stated, "I wasn't paying any attention to the highway before looking up and seeing that wreck."

Tony Nichols testified for the defendant that on this occasion he was in his front yard sitting beside some bushes on a bank smoking. He observed a Mustang pass and then a red Chevrolet (Rabon's automobile was a red Chevrolet) passed the Mustang, and then he heard another vehicle coming fast, and the next thing he knew he heard brakes and saw this last vehicle skid into the Mustang, and they went off the road. He stated that he did not see the red Chevrolet at that time. The wreck itself occurred after all the vehicles had passed where he was. He then went to the scene of the accident and saw Ronnie Dula there and "I asked him what happened." He further testified, "All I was doing was watching the two cars go off the road. I was not watching the red Chevrolet so I don't know whether it had gone out of sight by that time or not."

The defendant, Rabon Burleson testified in his own behalf. He testified, "When I passed the Mustang, Tony Burleson was behind me. He was about three or four car lengths behind me probably. After I passed the Mustang, I got back in my lane and went on down the road." He testified that he did not know anything about the accident until sometime later. He further testified that he entered a plea of guilty to reckless driving arising out of this accident.

The defendant then offered in evidence paragraph 11 of the plaintiff's complaint, which reads as follows:

"XI.    That on October 29, 1967, at approximately 12:45 A.M., the minor plaintiff was driving a 1966 Ford automobile in a western direction on U. S. Highway 64-70 approximately two miles east of the city limits of Morganton, North Carolina; that at the time and place herein complained of the minor plaintiff was operating said 1966 Ford automobile in a careful and prudent manner and in compliance of all of the motor vehicles laws of the State of North Carolina; that as the minor plaintiff approached the western end of the straight section of road known as 'Drum Straight,' the defendant, Rabon Burleson, was driving his 1963 Chevrolet automobile at a high, reckless, and unlawful rate of speed in a western direction; that the minor deceased defendant, Tony Burleson, was operating the 1962 Chevrolet automobile in a western direction over Highway 64-70 at a high speed and in a reckless manner and as the two vehicles reached the section of U. S. Highway 64-70 known as 'Drum Straight,' the automobile being operated by Rabon Burleson was in front of the automobile being driven by the defendant, Tony Burleson; that as they proceeded west on 'Drum Straight,' the defendant, Rabon Burleson, increased his speed to a high and reckless rate of speed and the defendant, Tony Burleson, drove approximately 10 to 12 feet behind Rabon Burleson's automobile for a considerable distance; that both automobiles were being accelerated at a high, rapid and dangerous rate of speed and as the Rabon Burleson automobile came up behind the 1966 Mustang automobile being operated by the plaintiff in the northern lane of travel on U. S. 64-70 for automobiles traveling in a westerly direction, and at the same time, the defendant, Tony Burleson, was attempting to pass the Rabon Burleson automobile at which time the defendant, Rabon Burleson, cut to the left into the lane of travel of the Tony Burleson automobile which was in the passing lane and thereupon the said Tony Burleson and Rabon Burleson automobiles collided and the defendant, Tony Burleson, lost control of the 1962 Chevrolet automobile and said automobile crashed into the left rear of the Ford automobile being operated by the minor plaintiff knocking the automobile which the plaintiff was driving off of the road and down an embankment, turning said

automobile over several times, knocking the plaintiff about the interior of his automobile and resulting in the serious and permanent injuries hereinafter complained of."

After introducing paragraph 11 of the plaintiff's complaint, the defendant rested his case.

At the close of all of the evidence, the plaintiff took a voluntary dismissal without prejudice as against the defendants Arnold Burleson and the Estate of Tony Burleson. Both plaintiff and defendant, Rabon Burleson, moved for a directed verdict. Defendant's motion was denied, and plaintiff's motion was granted as against defendant Rabon Burleson on the issue of negligence.

The trial judge then submitted two issues to the jury, one pertaining to the contributory negligence of the plaintiff which was answered by the jury in favor of the plaintiff, and the other as to the amount of damages which was answered in favor of the plaintiff in the amount of $20,000.

The evidence introduced by the plaintiff fails to disclose what caused the Mustang to leave the highway and turn over. Thus, for failure on the part of the plaintiff to show the proximate cause of injuries sustained by him, the motion of the defendant for a directed verdict possibly should have been sustained at the close of plaintiff's evidence. *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670 (1952). This situation is not presented to us, however, as the plaintiff is now in a position to rely upon all of the evidence introduced at the trial, including the evidence introduced on behalf of the defendant.

[6]  The evidence on behalf of the defendant did not in any way contradict the plaintiff's evidence, but on the contrary tended to explain and fill in the missing links of the plaintiff's case. The defendant himself admitted that he had entered a plea of guilty to reckless driving in connection with this automobile wreck. He also introduced a part of the plaintiff's complaint set out above. It has long been the rule in North Carolina that a party offering into evidence, without limitation, portions of his opponent's pleadings is bound thereby. *Meece v. Dickson,* 252 N.C. 300, 113 S.E. 2d 578 (1960) ; reversed on other grounds, *Melton v. Crotts,* 257 N.C. 121, 125 S.E. 2d 396 (1962).

[7]  When all of the evidence had been introduced, the facts were established and the defendant had proved himself negli-

gent. There was no factual issue of negligence remaining as a subject of inquiry, and on this issue there was no duty resting upon the jury. In a situation of this kind, it is no longer necessary for the jury to intervene, and the trial judge enters the answer to the issue. G.S. 1A-1, Rule 50(a) provides:

"... The order granting a motion for a directed verdict shall be effective without any assent of the jury."

We therefore approve the action of the trial court in this instance.

Affirmed.

Judge BRITT concurs.

Judge HEDRICK dissents.