ROBERT HARRISON COX, JR. v. NELLA FAYE MAYBERRY COX

No. 7618DC780

(Filed 20 April 1977)

1. **Divorce and Alimony § 21.3— appraisal provisions of consent order — action to compel compliance**

In an action to compel defendant to accept an appraisal of property in accordance with provisions of a consent order in a divorce action, the evidence supported the court's determination that defendant employed an appraiser only to make an appraisal for her private use and not to act as a member of a·three-man appraisal team provided for in the order, and that the appraisal of the three men was not binding on defendant.

2. **Appeal and Error § 16— appeal concerning appraisal provisions of consent order — jurisdiction of motion concerning support payments**

An appeal from an order concerning the appraisal provisions of a consent order in a divorce action did not deprive the trial court of jurisdiction to hear and determine plaintiff's motion for reduction of support payments called for by the consent order. G.S. 1-294; G.S. 1A-1, Rule 62(d).

APPEAL by plaintiff from *Washington, Judge.* Orders entered 14 June 1976 and 29 July 1976, in District Court, GUILFORD County. Heard in the Court of Appeals 8 March 1977.

In this action by plaintiff-husband for absolute divorce, defendant-wife counterclaimed for alimony. A consent order was entered on 20 February 1976, which provided in part, that defendant would not contest the divorce; that she would have custody of their daughter, Rena; that plaintiff would make

support payments and pay attorney's fees; and that two tracts of land owned by the parties would be appraised and plaintiff would pay one-half of the appraised value to defendant. It was agreed that each party would select an appraiser, the two appraisers would select a third, and the three would then report to counsel a single figure or value.

On 3 March 1976 defendant moved that plaintiff be held in contempt for failure to make support payments. Plaintiff then moved that support payments be reduced and that defendant be compelled to comply with the appraisal provisions of the consent order.

At hearing counsel for both parties stated to the court that the only matter to be heard was the motion to compel defendant to comply with the appraisal provisions because the other differences had been resolved.

At hearing defendant offered evidence tending to show that she employed appraiser Pickett to appraise the property for her own purposes only. Pickett testified that defendant never told him that he was to be her agent on a three-man appraisal team but did tell him that he might be asked to do so.

Plaintiff met with Pickett, showed him the land corners, and informed him that he had selected appraiser Raper. Pickett and Raper met and selected appraiser Cecil as the third man. Pickett appraised the property at $32,700.00 on 1 March 1976. At the request of plaintiff's attorney, the three appraisers met on 28 April 1976 and wrote to the attorney that they appraised the property at $34,416.00.

By order of 14 June 1976, the court found that defendant had employed appraiser Pickett to make an appraisal for her private use, and that the appraisal of 28 April 1976 by the three appraisers was not binding on defendant. From denial of plaintiff's motion to compel defendant to accept the appraisal, plaintiff appealed.

Subsequent to the appeal, plaintiff notified the court that he was mistaken in his statement to the court that his motion to reduce support payments had been settled, and plaintiff requested a hearing on the motion. By order of 29 July 1976, the court ruled that the plaintiff's appeal from the order of 14 June 1976 "divested this court of jurisdiction to hear and determine the plaintiff's pending motion." Plaintiff appealed.

*Gerald C. Parker for plaintiff appellant.*

*Cahoon and Swisher by Robert S. Cahoon for defendant appellee.*

CLARK, Judge.

[1]　Plaintiff's appeal from the order of 14 June 1976 raises the following issue: Is the finding of the trial court that defendant selected appraiser Pickett as her own appraiser and not as a member of the three-man appraisal team supported by the evidence?

This finding and conclusion by the trial court is supported by the testimony of the defendant-wife and appraiser Pickett. In a hearing before the trial judge without a jury, the findings of fact are conclusive on appeal if there is evidence to support them, even though evidence may sustain findings to the contrary. G.S. 1A-1, Rule 52(a)(1); *Williams v. Insurance Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975); *Brooks v. Brooks,* 12 N.C. App. 626, 184 S.E. 2d 417 (1971); Shuford, N. C. Civil Practice and Procedure § 52-7 (1975).

[2]　Plaintiff's appeal from the order of 29 July 1976 raises the following issue: Does the appeal from the order concerning the appraisal deprive the court of jurisdiction over support payments? In its order of 30 July 1976 the trial court ruled as a matter of law that the appeal by plaintiff from the appraisal matter divested the court of jurisdiction to hear plaintiff's motion to reduce child support payments. The court erred in so concluding. Under G.S. 1-294 an appeal stays further proceedings "upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." It appears that the appraisal matter on the one hand and the reduction of support matter on the other are different and unrelated matters, and the appeal from the order relating to the appraisal did not divest the trial court of jurisdiction to hear and determine the plaintiff's motion for reduction of support. In *Herring v. Pugh,* 126 N.C. 852, 858, 36 S.E. 287, 289 (1900), the court stated: "And besides, section 558 of the Code is *itself* in language too plain to admit of doubt that the court in which the judgment was rendered still retains jurisdiction to hear motions and grant orders, except such as concern the subject-matter of the suit." And see *Manufacturing Co. v. Arnold,* 228

N.C. 375, 45 S.E. 2d 577 (1947). G.S. 1A-1, Rule 62(d) providing for stay of execution pending appeal is, by its own terms, subject to the conditions of G.S. 1-294 and other designated statutes relating to appeal.

The order of 14 June 1976 is

Affirmed.

The order of 29 July 1976 is

Reversed, and this cause is remanded.

Judges BRITT and HEDRICK concur.