MILDRED P. MURRAY v. ALBERT L. MURRAY

No. 7726DC824

(Filed 1 August 1978)

**Divorce and Alimony § 16.6— abandonment—jury issue**

In this action for alimony without divorce, an issue as to whether defendant abandoned plaintiff was properly submitted to the jury, and the court properly denied plaintiff's motions for directed verdict and judgment n.o.v., where plaintiff testified that defendant left home purporting to go on a trip but taking most of his clothes with him, a few days later defendant called plaintiff and advised her to get a lawyer, and defendant did not return home except to pick up his personal belongings, and where defendant testified that the marriage had deteriorated, the parties had discussed separation and a division of property, plaintiff had told defendant several times to get out and not come back, and defendant thought "it was an agreement that we would split up."

Judge WEBB dissenting.

APPEAL by plaintiff from *Johnson, Judge.* Judgment entered 24 June 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 28 June 1978.

Plaintiff instituted this action by filing a complaint on 5 November 1976 in which she alleged that she and the defendant were married on 24 November 1939 and that on 21 June 1976 the defendant wilfully abandoned her. On the basis of these allegations the plaintiff sought alimony, possession of the home and automobile, and attorney's fees for the prosecution of this action. On 21 January 1977 the defendant filed an answer in which he denied that he had wilfully abandoned the plaintiff in June of 1976 and alleged that the parties "mutually agreed to separate."

At trial, the plaintiff moved for a directed verdict at the close of all of the evidence. Her motion was denied, and the following issues were submitted to and answered by the jury as indicated:

1. Were the Plaintiff and Defendant married as alleged in the Complaint?

Answer: Yes.

2. Did the Defendant wilfully abandon the Plaintiff without just cause or provocation?

Answer: No.

The plaintiff then moved for judgment notwithstanding the verdict. The trial court denied the plaintiff's motion and entered judgment on the verdict, dismissing the plaintiff's claim with prejudice. Plaintiff appealed.

*Lindsey, Schrimsher, Erwin, Bernhardt & Hewitt, by Lawrence Hewitt, for the plaintiff appellant.*

*Henderson, Henderson & Shuford, by David H. Henderson, for the defendant appellee.*

HEDRICK, Judge.

The sole question presented on this appeal is whether the trial court erred in denying the plaintiff's motions for directed verdict and judgment notwithstanding the verdict. The plaintiff recognizes the familiar rule promulgated in *Cutts v. Casey*, 278 N.C. 390, 417, 180 S.E. 2d 297, 311 (1971), that the trial court cannot direct a verdict or enter judgment NOV "in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses." The plaintiff relies, however, on *Smith v. Burleson*, 9 N.C. App. 611, 177 S.E. 2d 451 (1970), as an "exception" to the rule of *Cutts v. Casey*. In *Smith* this Court held that the trial court properly directed a verdict for the plaintiff when the defendant's own evidence established his negligence as the cause of injuries incurred by plaintiff in an automobile accident. While *Smith* was decided prior to *Cutts v. Casey*, its holding has been reaffirmed by a line of cases decided by this Court. *See e.g. Booker v. Everhart*, 33 N.C. App. 1, 234 S.E. 2d 46 (1977), *reversed on other grounds*, 294 N.C. 146, 240 S.E. 2d 360 (1978); *Price v. Conley*, 21 N.C. App. 326, 204 S.E. 2d 178 (1974); *Wyche v. Alexander*, 15 N.C. App. 130, 189 S.E. 2d 608, *cert. denied*, 281 N.C. 764, 191 S.E. 2d 361 (1972). In each of the cited cases this Court held it proper to direct a verdict for the party bearing the burden of proof because his case was not dependent upon the credibility of his witnesses, and there was no genuine issue of fact. We do not view these cases as carving an exception to the rule of *Cutts v. Casey*. In fact, while our

Supreme Court recognized that "[w]hether there is a 'genuine issue of fact' is, . . . a preliminary question for the judge," *Cutts v. Casey, supra* at 421, 180 S.E. 2d at 314, the court reasoned that the credibility of a party's own witnesses is almost always at issue.

We are faced, then, with the question of whether the defendant's abandonment of the plaintiff in June of 1976 is established by the defendant's evidence or other sources not dependent upon the credibility of the plaintiff's witnesses. For reasons which we shall point out, we answer this question in the negative. In doing so we find that *Smith* is distinguishable and hold that *Cutts v. Casey* is controlling in this case.

General Statute 50-16.2(4) provides that abandonment of the dependent spouse by the supporting spouse constitutes a ground for alimony without divorce. It has been held that "[o]ne spouse abandons the other, within the meaning of this statute, where he or she brings their cohabitation to an end without justification, without the consent of the other spouse and without intent of renewing it." *Panhorst v. Panhorst*, 277 N.C. 664, 670-1, 178 S.E. 2d 387, 392 (1971); *Bowen v. Bowen*, 19 N.C. App. 710, 713, 200 S.E. 2d 214, 217 (1973). This definition establishes three distinct elements which must be proven by the dependent spouse to entitle her to alimony on the basis of abandonment.

Our examination of the evidence in this case discloses a genuine issue of fact as to whether the defendant abandoned the plaintiff within the meaning of G.S. 50-16.2. The plaintiff's testimony tends to show that on 20 June 1976 the defendant left home purporting to go on a trip but taking most of his clothes with him; that a few days later the defendant called her and advised her "to get a lawyer"; and that the defendant did not return home except to pick up his personal belongings. On the other hand, the defendant testified as follows:

> We have had a deterioration of the marriage for quite a number of years. My wife has employed three attorneys before in connection with this problem. My wife and I have discussed separation verbally many times before June of 1976. We discussed separation, I would say around the first of the year until June, off and on. Sometime between the first of 1976 and June of 1976, my wife and I did discuss a

division of our assets. She said we would sell the house and divide it. A number of times she told me to get out and don't come back. . . . I left in June of 1976 because I thought it was an agreement that we would split up.

Assuming arguendo that the plaintiff's evidence is sufficient to raise an inference as to each of the elements of abandonment, we think it clear that defendant's testimony raises genuine issues as to whether he was justified under the circumstances in deciding not to return home and whether the separation of the parties was by mutual consent. Resolution of these issues obviously lies in the relative credibility of the two witnesses. Furthermore, this case clearly cannot be characterized as one of " 'a few situations in which the acceptance of credibility as a matter of law seems compelled.' " *Cutts v. Casey, supra* at 421, 180 S.E. 2d at 314. Therefore, we hold that the issue of abandonment was properly submitted to the jury, and the verdict was supported by the evidence. The plaintiff's assignments are overruled.

Affirmed.

Judge MORRIS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I agree with the majority's statement of the law, but I disagree as to its application in this case. As I read the evidence, all of it for both plaintiff and defendant shows that on 20 June 1976, the defendant left the marital home intending to return. Several days later, he called his wife and told her to get an attorney for he would not return. As I understand the law, this is a good definition of abandonment. The defendant's evidence in this regard is his own testimony as follows: "On this Sunday that I left I took enough clothes to go off and play golf in. . . . I am sure that I planned to come back to the home when I left and probably to live there. I don't recall what my thoughts were at that time. On that Wednesday night I called my wife and told her to get a lawyer. . . . Possibly I made up my mind that week that I was going to leave home for good. . . . It is correct that I made up my mind on the week of July (sic) 20th that I was going

to leave home for good." The defendant said he "thought it was an agreement that we would split up." How he thought there was such an agreement is hard for me to see in the light of his own uncontradicted testimony that he left home intending to return. I do not believe his conclusion that there was an agreement should be given any weight in the face of his own statements which show conclusively there was not an agreement.

It is true that the burden of proof is on the plaintiff to show that the defendant left without justification. In this case there is no evidence by the plaintiff or defendant of justification. The defendant testified the marriage had deteriorated and they had discussed separation and a division of property. Several times she told him to "get out and don't come back." I do not believe this is evidence as would likely render it impossible for the defendant to continue the marital relation with safety, health and self respect. *Caddell v. Caddell*, 236 N.C. 686, 73 S.E. 2d 923 (1952). There being no evidence of justification, I do not believe the burden of proof is on the plaintiff to such an extent that she must negate all possibilities of justification. I believe the burden of coming forward with the evidence was on the defendant to show some justification and the burden would be on the plaintiff to negate this evidence.

For the reasons stated in this opinion, I believe all the evidence in this case is that the defendant left home intending to return. He then decided not to return. There was not enough evidence of justification for his not returning to be submitted to the jury. This is abandonment and the district court committed error by not granting the plaintiff's motion for a directed verdict and for judgment notwithstanding the verdict.