MILDRED P. MURRAY v. ALBERT L. MURRAY

No. 104

(Filed 4 January 1979)

1. **Rules of Civil Procedure § 50— directed verdict in favor of party having burden of proof**

A directed verdict generally may not be granted for the party with the burden of proof when his right to recover depends on the credibility of his witnesses; however, there may be rare occasions when credibility is compelled as a matter of law.

2. **Divorce and Alimony § 16.6— abandonment—jury issue**

In this action for alimony without divorce, the evidence presented a jury question as to whether defendant abandoned plaintiff where plaintiff testified that defendant packed many of his clothes into a car and told plaintiff he was going to play golf for a few days, three days later defendant called plaintiff and told her to get a lawyer, defendant never returned home except to pick up personal belongings, and plaintiff had no agreement with defendant that they

would separate; plaintiff admitted that the marriage had been deteriorating for a long time, the two of them saw little of each other, she had sought legal help in the past relating to the marriage, and previously both plaintiff and defendant had told each other to leave home; and defendant testified that when he left home to play golf he was planning to come back to the home to live, the marriage had been deteriorating for a number of years, separation and a division of property had been discussed, plaintiff had told him several times to get out and not come back, and he left home because he thought they had agreed to split up.

Justice BROCK took no part in the consideration or decision of this case.

Chief Justice SHARP dissenting.

APPEAL by plaintiff from a decision of the Court of Appeals, 37 N.C. App. 406, 246 S.E. 2d 52 (1978) (*Hedrick, J.,* concurred in by *Morris, J.,* with *Webb, J.* dissenting) which affirmed the judgment of Chief District Judge Johnson, entered in the 24 June 1977 Session of MECKLENBURG District Court.

Plaintiff and defendant had been married for over thirty-five years. After the defendant left home in June of 1976, plaintiff-wife brought this action for alimony without divorce and for possession of the house and automobile on the ground that defendant-husband abandoned her within the meaning of G.S. 50-16.2(4).

At trial plaintiff's evidence tended to show the following:

Plaintiff and defendant had been married since 5 November 1939 and had three daughters all of whom are grown and living away from home. The plaintiff had been a housewife throughout the marriage and depends on the defendant for her support.

On 20 June 1976 the defendant packed many of his clothes into the car and told the plaintiff he was going to play golf for a few days. Three days later defendant called plaintiff and advised her to get a lawyer, tell him what she wants and have her lawyer get in touch with his attorney. The defendant never returned to the home except to pick up a trailer and some personal belongings. The plaintiff claimed she did not have an agreement with the defendant that they would separate.

The plaintiff admitted that the marriage had been deteriorating "substantially" for a long time, and the two of them saw little of each other before defendant moved out. She had sought legal help in the past relating to the marriage. Previously both the plaintiff and the defendant had told the other to leave home, but they "had not really gone into a separation."

The defendant's evidence tended to show the following:

When defendant left in June of 1976 to play golf, he was planning to come back to the home to live. He decided later that week to leave for good.

The defendant testified that the marriage had been degenerating for a number of years and that the plaintiff had hired three attorneys in the past in connection with the problem. Separation had been discussed many times from the first of the year until June of 1976. The plaintiff and the defendant had even talked of dividing their assets. Several times the plaintiff had told him to "get out and don't come back." Defendant stated, "I left in June of 1976 because I thought it was an agreement that we would split up."

The plaintiff moved for a directed verdict at the close of all the evidence, which was denied. The jury found that defendant did not "wilfully abandon the plaintiff without just cause or provocation." Thereafter plaintiff moved for judgment notwithstanding the verdict pursuant to Rule 50 of the North Carolina Rules of Civil Procedure, which also was denied. The plaintiff appealed, and the Court of Appeals affirmed.

*Lindsey, Schrimsher, Erwin, Bernhardt and Hewitt, P.A. by Lawrence W. Hewitt for the plaintiff.*

*Henderson, Henderson & Shuford by David H. Henderson and David L. Henderson for the defendant.*

COPELAND, Justice.

The sole question for our consideration is whether the trial court erred in denying plaintiff's motions for a directed verdict at the end of all the evidence and for judgment notwithstanding the verdict. These motions can be considered together as they are controlled by the same standards and rules. *Dickinson v. Pake,*

284 N.C. 576, 201 S.E. 2d 897 (1974). After reviewing the evidence, we conclude that Judge Johnson was correct in leaving the decision of this case to the jury.

[1]  The rule in this State is that a directed verdict cannot be granted for the party with the burden of proof when his right to recover depends on the credibility of his witnesses. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). However, there may be rare occasions in which credibility seems compelled as a matter of law. *Id.* This case does not fall within that category.

The plaintiff has initiated this action for alimony under G.S. 50-16.2(4); therefore, she must show that she has been abandoned by the defendant, who she alleges is the supporting spouse. "One spouse abandons the other, within the meaning of [G.S. 50-16.2(4)], where he or she brings their cohabitation to an end without justification, without the consent of the other spouse and without intent of renewing it." *Panhorst v. Panhorst*, 277 N.C. 664, 670-71, 178 S.E. 2d 387, 392 (1971). Thus, the plaintiff has the burden of proving, *inter alia*, that defendant left without her consent.

[2]  The plaintiff testified that she had not concurred in defendant's decision to leave home for good. Defendant, on the other hand, stated that the two of them had discussed separation numerous times and that when he left in June of 1976, he thought they had agreed to split up. Although there was no evidence that plaintiff expressly agreed to the separation at the precise moment defendant left, that fact does not necessarily preclude a finding of consent. This concept was eloquently stated in defendant's brief.

> "[S]eparation by consent is rarely accomplished by lightning stroke. It is an erosion, a crumbling, a series of burst hopes and faded joys. There comes a culmination of small wars, and mutual surrenders, not to each other, but to the institution . . . . Consent, may indeed take days, or months or years."

The evidence presented at trial compels the conclusion that whether separation was consented to by both parties is a question of fact for the jury. In passing on a motion for directed verdict or judgment notwithstanding the verdict, the evidence is to be taken in the light most favorable to the non-moving party, and he is en-

titled to all reasonable inferences that can be drawn from it. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973).

The plaintiff argues that *Smith v. Burleson*, 9 N.C. App. 611, 177 S.E. 2d 451 (1970), and other decisions from that court following *Burleson* create an "exception" to the rules set forth in *Cutts v. Casey, supra.* We note in passing that no decision of the Court of Appeals can carve out an "exception" to a rule of law laid down by this Court. *See State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968) for some background on North Carolina's appellate system.

Furthermore, *Burleson* does not set forth an exception to the *Cutts v. Casey* rule that a motion for directed verdict cannot be granted in favor of the party with the burden of proof if the credibility of his witnesses affects his right to recover. Rather, the Court of Appeals' decision stands for the proposition that a directed verdict can be granted for the party with the burden of proof when his right to judgment is established by the *non-movant's* evidence. This Court has since qualified that holding. "Discrepancies and contradictions in the evidence, even though such occur in the evidence offered on behalf of [the non-movant], are to be resolved by the jury, not by the court." *Bowen v. Constructors Equipment Rental Co.*, 283 N.C. 395, 405, 196 S.E. 2d 789, 797 (1973). Therefore, credibility still is almost exclusively a question for the members of the jury. In this case, they have spoken.

For the reasons stated above, the decision of the Court of Appeals is

Affirmed.

Justice BROCK took no part in the consideration or decision of this case.

Chief Justice SHARP dissents for the reasons stated in the dissenting opinion of *Webb, J., Murray v. Murray*, 37 N.C. App. 406, 409, 246 S.E. 2d 52, 55 (1978).