CHEMICAL REALTY CORPORATION v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF HOLLYWOOD

No. 7828SC420

(Filed 17 April 1979)

1. **Courts § 4— $6,000,000 in controversy—superior court appropriate forum**

    An action by plaintiff to recover $6,000,000 for defendant's failure to provide permanent financing for a hotel pursuant to the parties' letter agreement was properly brought in superior court. G.S. 7A-243.

2. **Process § 14— foreign corporation—contract completed in N. C.—minimum contacts**

    Where plaintiff alleged that it made a construction loan to a hotel in reliance upon the nonresident defendant's commitment to provide permanent financing, and defendant allegedly refused to perform under the parties' letter agreement, the N. C. courts had personal jurisdiction over defendant, since the borrower accepted the permanent loan commitment in N. C.; the hotel which was the subject of the loan was constructed in N. C.; the loan in this action was arranged by an N. C. mortgage broker; and defendant availed itself of the benefits and protection of N. C. laws not only by the instant contract, but also by a permanent loan commitment for a $2,500,000 loan for an apartment project in Jacksonville, N. C.

3. **Rules of Civil Procedure §§ 4, 15— amendment of summons—no prejudice—amendment of complaint—no responsive pleading filed**

    Pursuant to G.S. 1A-1, Rule 4(i), plaintiff could amend its summons so that defendant's name appeared differently, since defendant showed no prejudice resulting therefrom, and pursuant to G.S. 1A-1, Rule 15(a), plaintiff could, as a matter of right, amend its complaint so that defendant's name appeared differently, since no responsive pleading had been filed.

APPEAL by defendant from *Martin (H. C.), Judge.* Orders entered 1 October 1977 and 27 October 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 26 February 1979.

Plaintiff Chemical Realty Corporation (Chemical) is a New York corporation with its principal office in New York City. Defendant Home Federal Savings & Loan Association of Hollywood (Home Federal) maintains its principal office in Hollywood, Florida. Chemical alleges that Home Federal made a permanent loan commitment to advance $6,000,000 upon the completion of the Landmark Hotel in Asheville, North Carolina, and that in reliance on this permanent loan commitment Chemical made a $6,000,000 construction loan commitment to Landmark. Chemical further alleges that the parties entered into a "Letter Agreement" by which Home Federal agreed that upon construction of the hotel in substantial compliance with the plans and specifications it would purchase from Chemical a note for the indebtedness of Landmark to Chemical for the funds advanced under the construction loan and would accept an assignment from Chemical of a deed of trust on the hotel. For the alleged refusal of Home Federal to perform under this letter agreement, Chemical seeks damages of at least $3,000,000. Chemical seeks a second $3,000,000 for the alleged refusal of Home Federal to extend the time during which the permanent loan commitment and letter agreement would be in effect, pursuant to the terms of the agreements.

Home Federal moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper service of process. In the alternative, Home Federal sought a "change of venue" to Broward County, Florida on the ground that Buncombe County is an inconvenient forum. Chemical then moved for leave to amend its complaint and summons by changing the defendant's name from "Home Federal Savings & Loan Association" to "Home Federal Savings and Loan Association of Hollywood."

The trial court granted Chemical leave to amend and denied Home Federal's motions to dismiss and for change of venue, making findings of fact and conclusions of law in support of its order. Home Federal's motion to amend the findings and conclusions was denied. Home Federal appeals.

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by Sydnor Thompson and Fred T. Lowrance, and Van Winkle, Buck, Wall, Starnes, Hyde and Davis, by Herbert L. Hyde, for plaintiff appellee.*

*John E. Raper, Jr. and Reginald M. Barton, Jr., for defendant appellant.*

ARNOLD, Judge.

## I.

[1] Home Federal's argument that this action should have been dismissed for lack of subject matter jurisdiction is without merit. Original civil jurisdiction "is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice." G.S. 7A-240. And where the amount in controversy exceeds $5,000, the superior court is the proper division for the trial. G.S. 7A-243. This action was brought appropriately in superior court.

## II.

[2] Home Federal argues that none of the circumstances which would give the North Carolina courts personal jurisdiction over it exists in this case. In determining this question we consider North Carolina's long-arm statutes, since it is stipulated that Home Federal is a federal savings and loan association with its principal office in Hollywood, Florida, and that it has not applied for authority to transact business in North Carolina or appointed a local agent for service of process.

G.S. 55-145(a) provides that "[e]very foreign corporation shall be subject to suit in this State . . . on any cause of action arising . . . (1) Out of any contract made in this State or to be performed in this State. . . ." Home Federal contends that the permanent loan commitment was made not in North Carolina, but in Florida; that the "Letter Agreement" referred to in Chemical's complaint was in fact not an agreement, but an "estoppel certificate"; and that performance of any commitment was to take place in Florida.

For a contract to be made in North Carolina, the final act necessary to make it a binding obligation must be done here. *Goldman v. Parkland of Dallas, Inc.*, 7 N.C. App. 400, 173 S.E. 2d

15, *aff'd* 277 N.C. 223, 176 S.E. 2d 784 (1970). In *Goldman*, a letter was sent to the North Carolina plaintiff from Atlanta, Georgia, instructing him: "If the above is agreeable, please sign and return the original copy of this letter." Plaintiff signed the letter in Greensboro, North Carolina, and deposited it in the mail there addressed to a Texas corporation. This Court found that the final act necessary in that case to create a binding obligation was the depositing of the letter containing the plaintiff's signature in the mail.

In the present case, three communications between the parties make up the permanent loan commitment. On 14 April 1972, Home Federal sent the permanent loan commitment letter to a North Carolina mortgage broker for forwarding to the borrower. This letter stated: "I am enclosing a copy of this letter for your acceptance. Receipt of same, executed by the borrower, together with the commitment fee of $60,000.00 must be acknowledged by May 15, 1972 or this commitment letter will be automatically cancelled." On 15 May 1972 the borrower executed a copy of the commitment letter and delivered it with a cover letter and the commitment fee to the mortgage broker, who mailed the letters and fee to Home Federal. The borrower's cover letter stated: "Attached please find copy of Commitment accepted by me on behalf of Asheville Development Associates as well as check for $60,000. We respectfully request that the following items and points of clarification be added to and made a part of captioned Commitment . . . ." On 24 May 1972 Home Federal wrote back to the mortgage broker: "Please be advised that this Association is in receipt of $60,000.00 tendered by Asheville Development Associates. This letter is to confirm that our mortgage commitment dated April 14, 1972, is in full force and effect subject to three items. . . ."

Home Federal would have us find that the borrower's cover letter of 15 May was not an acceptance, but a counter-offer, and that Home Federal's letter of 24 May was the acceptance of this counter-offer and the final act necessary to create a binding contract. We see no support for this position in the communications involved. The borrower's letter of 15 May by its terms accepts the permanent loan commitment and requests three added "points of clarification" which do not change the essential nature of the commitment. The acceptance is not made conditional upon addi-

tion of the requested points. See 17 C.J.S. Contracts § 43. Nor does Home Federal by its letter of 24 May treat the borrower's letter as a counter-offer; it merely acknowledges receipt of the commitment fee and confirms the mortgage commitment. We find that the contract was completed by the borrower's acceptance in North Carolina of the permanent loan commitment. As a result, G.S. 55-145(a)(1) applies to give the North Carolina courts personal jurisdiction over Home Federal.

Home Federal next contends that even if the statutory standards for jurisdiction are met, the constitutional requirements of due process are not. This contention is untenable. In *Equity Associates v. Society for Savings*, 31 N.C. App. 182, 228 S.E. 2d 761, *cert. den.* 291 N.C. 711 (1976), we found, based upon a fact situation practically identical to the one before us, that the contract itself was sufficient to satisfy the "minimum contacts" requirement of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Also, here, as in *Equity Associates*, other factors set out in *Byham v. National Cibo House Corp.*, 265 N.C. 50, 143 S.E. 2d 225 (1965), for satisfying the test of "minimum contacts" and "fair play" are present. It is stipulated that Home Federal received actual notice of the action. Since the hotel which was the subject of the loan was constructed here, it seems clear that "crucial witnesses and material evidence," *id.* at 57, 143 S.E. 2d at 231, also will be found here. Home Federal has availed itself of the benefits and protections of our laws not only by the instant contract, but also by a permanent loan commitment for a $2,500,000 loan for an apartment project in Jacksonville, North Carolina. That loan is secured by a deed of trust filed in North Carolina, and is being serviced by the North Carolina mortgage broker who arranged the loan in this action. Due process is satisfied.

III.

[3] Chemical's complaint and summons named as defendant "Home Federal Savings and Loan Association." Home Federal assigns as error the granting of Chemical's motion to amend these documents so that the defendant's name appears as "Home Federal Savings and Loan Association of Hollywood." As Chemical points out, it was entitled to amend its complaint as a matter of right, since no responsive pleading had been filed. G.S.

1A-1, Rule 15(a). Amendment of the summons may be allowed by the court in its discretion "unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." G.S. 1A-1, Rule 4(i). Home Federal has not shown any prejudice that resulted from this misnomer. It is stipulated that Home Federal received the complaint and summons and knew that they were meant for it. We find no error in the court's ruling. *Accord Bailey v. McPherson*, 233 N.C. 231, 63 S.E. 2d 559 (1951); *Propst v. Hughes Trucking Co.*, 223 N.C. 490, 27 S.E. 2d 152 (1943).

IV.

Home Federal contends that its motion to amend certain findings of fact and conclusions of law in the trial court's order should have been granted because the findings are not supported by the evidence. Where the trial judge finds the facts, they are conclusive on appeal if there is evidence to support them, even if there is also evidence to the contrary. *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976); *Cox v. Cox*, 33 N.C. App. 73, 234 S.E. 2d 189 (1977). We have examined the contested findings and have found that each is based upon competent evidence.

Home Federal finally argues that certain findings and conclusions should be stricken because they are irrelevant to the issues before the court at the hearing on the motion. We find that all the challenged determinations resulted from issues raised by Home Federal in its motion. This assignment of error is unfounded.

We have considered Home Federal's other assignments of error and find that they are without legal merit.

Affirmed.

Chief Judge MORRIS and Judge CLARK concur.