JEANE JUNKER MORRIS v. KENT B. MORRIS

No. 7826DC373

(Filed 20 May 1980)

1. **Trial § 15.4— exception to answer—motion to strike**

    Where a question asked a witness is competent, exception to his answer, when incompetent in part, should be taken by motion to strike out the part that is objectionable.

2. **Divorce and Alimony § 16.5— alimony action—abandonment—stock ownership by wife—irrelevancy—absence of prejudice**

    While defendant husband's reference in an alimony action to plaintiff wife's ownership of stock was of doubtful relevance to the issue to be determined at trial as to whether defendant abandoned plaintiff, plaintiff failed to show that the admission of such testimony substantially prejudiced her or in any way influenced the jury verdict.

3. **Divorce and Alimony § 16.5— alimony action—abandonment—involvement with another woman—remoteness—condonation**

    Testimony that some eight or ten years before defendant separated from plaintiff in 1973 he stayed away from his family for three months and purchased an automobile for another woman was rendered incompetent to prove defendant's unlawful abandonment of plaintiff by the remoteness in time of the incident and by plaintiff's subsequent condonation of it. Similarly, testimony as to defendant's relationship with a different woman one and one-half years after his separation from plaintiff was inadmissible where there was no indication of any involvement with her during any period close in time to the separation.

4. **Divorce and Alimony § 16.7— alimony action—abandonment—instructions—plaintiff's burden of proof**

    The trial court's instructions in an alimony action based on abandonment properly placed on plaintiff wife the burden of proving that defendant husband's separation from her was without adequate justification or provocation on her part, that is, the instructions placed on plaintiff the burden of proving only the absence of conduct on her part which rendered it impossible for defendant husband to continue in the marriage and not to negate every possible justification for defendant's leaving.

    Judge WEBB dissenting.

APPEAL by plaintiff from *Johnson, Judge*. Judgment entered 30 November 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 1 February 1979.

This is an action for alimony without divorce brought on grounds of abandonment and non-support. In her complaint filed 14 October 1975 plaintiff-wife alleged the marriage of the parties on 21 June 1952, the abandonment of her by the defendant when he left their home on 18 June 1973 without adequate provocation on her part, and his willful failure to provide her with necessary subsistence according to his means so as to render her condition intolerable and life burdensome. Defendant answered and denied that he had abandoned or had failed to support the plaintiff. As a further defense he alleged that plaintiff had constructively abandoned him by ceasing marital relations and offering indignities to his person.

At trial before a jury, plaintiff-wife offered evidence tending to show the following: Defendant-husband, an engineer, is vice-president of a company in which he owns half of the stock. During the years immediately prior to the parties' separation in 1973, defendant was out of town several nights a week. On 18 June 1973 he came home and told plaintiff that he was going to take some furniture and move into an apartment. Although she asked him to discuss the problems and to remain with her, defendant indicated that he needed to move out "to think things over." After that date he did not resume living in the house, although he did come home on Sundays. Thereafter, defendant continued to put money into their joint checking account to provide for her support. Plaintiff admitted that their sexual relations had been infrequent for a while prior to the separation; however, she stated that she was not at fault in that. She denied that she had criticized her husband concerning the amount of money he earned or that she had nagged him to buy property at the beach or to take more trips.

Defendant testified that the reason for the separation was his wife's constant criticism of him during the latter years of the marriage. Plaintiff constantly nagged him about such things as joining a country club, buying beach property, remodeling their home, and buying antiques. He became demoralized because of plaintiff's constant indications that he did not earn enough money.

Morris v. Morris

During the last two or three years prior to the parties' separation, plaintiff rejected him and refused him sexual relations.

At the close of the evidence, the trial judge submitted one issue to the jury, which answered it as follows:

1. Did the defendant wilfully abandon the plaintiff without just cause or provocation?

ANSWER: No.

From judgment on the verdict that she recover no alimony of the defendant, plaintiff appealed.

*Walker, Palmer & Miller by James E. Walker and Robert P. Johnston for plaintiff-appellant.*

*John R. Ingle and Stephen D. Poe for defendant-appellee.*

PARKER, Judge.

Plaintiff-wife's first assignment of error is directed to the trial court's overruling of her objections to certain portions of her husband's testimony in which he referred to her ownership of stocks. While defendant was testifying on direct examination concerning his wife's demands that they purchase beach property, the following took place:

Q. What would she say?

A. She would like for us to buy the property. And, one of my responses to that was, "Well, why don't you sell some of your stock and let's buy the property?"

MR. WALKER: I OBJECT to that.

COURT: OVERRULED.

A. And, she said, "Well, I'm not going to sell any of my stock." So, consequently I said, "Well, we can't afford it."

At one other point in his testimony, defendant again in an unresponsive answer referred to his wife's ownership of stocks, to which plaintiff's counsel's objection was again overruled.

[1, 2] We note at the outset that plaintiff's counsel made no motion to strike the answers to which he objected. The general rule

is that where a question asked a witness is competent, exception to his answer, when incompetent in part, should be taken by motion to strike out the part that is objectionable. *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196 (1953). Disregarding counsel's failure to follow proper procedure, we find no reversible error. If it be admitted that defendant's reference to his wife's stock ownership may have been of doubtful relevance to the issue to be determined at trial, that is, whether he had wrongfully abandoned her, plaintiff has nevertheless failed to demonstrate that the admission of such testimony substantially prejudiced her or in any way influenced the jury verdict. Plaintiff's first assignment of error is, therefore, overruled.

[3] In her second and third assignments of error, plaintiff challenges the trial court's exclusion of evidence concerning defendant's relationships with two women. Outside of the presence of the jury, defendant testified for the record that some eight or ten years before he separated from plaintiff he stayed away from his family for about three months. During this period he sold some stocks to purchase an automobile for a woman he met in Charlotte. At the end of that period the parties decided "to get back together and try it again." Both the remoteness in time of this incident and the evidence of plaintiff-wife's subsequent condonation render this evidence irrelevant and incompetent to prove defendant's unlawful abandonment of plaintiff on 18 June 1973. Its admission would have unduly prejudiced defendant and introduced issues of adultery extraneous to the suit. For similar reasons, defendant's testimony on voir dire as to his relationship with a different woman one and one-half years after his separation from his wife was properly excluded. Although defendant testified that he was acquainted with the woman, who had formerly worked for his company and who resided in the apartment complex to which he moved upon his separation, there is no indication of any involvement with her during any period close in time to the separation. Plaintiff's second and third assignments of error are overruled.

Plaintiff's final assignments of error are directed to the court's instructions to the jury. She contends first that the trial judge failed to declare and explain the law arising on the evidence as required by G.S. 1A-1, Rule 51(a). We find no error. After summarizing the evidence of the parties, explaining the ap-

plicable law, and stating the parties' contentions, the court instructed the jury what it must find in order to return a verdict for plaintiff. Viewed contextually, the charge adequately apprised the jury of the facts which, if found by them to be true, would justify such a verdict. Although plaintiff relies on the decision of our Supreme Court in *Panhorst v. Panhorst*, 277 N.C. 664, 178 S.E. 2d 387 (1971), in support of her contention that the jury was not given any direction as to the bearing of her conduct on the question whether her husband was justified in leaving, that case is distinguishable from the case now before us. In *Panhorst, supra*, a new trial was ordered on plaintiff-wife's claim of abandonment because the trial court had failed to instruct the jury that there is no constructive abandonment by one spouse justifying the other spouse in leaving the home where the defect of which the departing spouse complains is due to the illness or physical disability of the remaining spouse. In the present case there was no evidence that the justification for defendant-husband's leaving, if found to exist by the jury, was due to causes beyond plaintiff-wife's control.

[4] Plaintiff-wife's final contention is that the trial court's instructions erroneously placed upon her the inordinate burden of proving that at the time of defendant-husband's withdrawal from the home he could have continued in the marriage with safety, health and self-respect. "One spouse abandons the other, within the meaning of [G.S. 50-16.4(4)], where he or she brings their cohabitation to an end without justification, without the consent of the other spouse and without intent of renewing it." *Panhorst v. Panhorst, supra* at 670-671, 178 S.E. 2d at 392. Where a spouse seeks to recover alimony on the grounds of abandonment, that spouse has the burden of proving each and every element of abandonment, including the absence of justification. *Murray v. Murray*, 37 N.C. App. 406, 246 S.E. 2d 52 (1978), *affirmed*, 296 N.C. 405, 250 S.E. 2d 276 (1979). In his final mandate, the trial judge instructed the jury as follows:

> So, Members of the jury, if you are satisfied from the evidence and by its greater weight, the burden of proof being upon the plaintiff to so satisfy you that the defendant wilfully separated himself from the plaintiff; and, that such separation was without the consent of the plaintiff; and, that such separation was without the intent of returning; and, that this

separation was without adequate justification or provocation, then it will be your duty to answer that issue, "Yes," in favor of the plaintiff.

On the other hand, Members of the jury, if, considering all of the evidence, the plaintiff has failed to prove to you, that is to satisfy you by the greater weight of the evidence — from the greater weight of the evidence, then it would be your duty to answer the issue, "No," in favor of the defendant.

Although plaintiff contends that these instructions placed upon her the burden of proving that her husband could have continued the marriage with health, safety, and self-respect, a fair reading of the charge discloses that the trial court placed upon her only the burden of proving that her husband's separation was without adequate justification or provocation on her part. Thus, her burden of proof was not to negate every possible justification for defendant-husband's leaving, but rather to prove only the absence of conduct on her part which rendered it impossible for him to continue in the marriage. The allocation of the burden of proof in a case such as this may not appear entirely logical, in that it in effect requires the plaintiff to prove a negative state of facts. There are, however, strong policy considerations which support such an allocation. These policy considerations were noted by our Supreme Court in *Allen v. Allen*, 244 N.C. 446, 94 S.E. 2d 325 (1956). In that case the court held that a plaintiff alleging indignities to the person as grounds for alimony was required to bear the burden of proving lack of provocation, stating:

"[T]he State and society and the children have an interest in the marriage status, and in preserving the family when that can be done without undue hardship. To require the complaining party to show lack of provocation gives the Court a chance to see that the assistance of the law in breaking up the family is used for the benefit of the injured party only".

244 N.C. at 450-451, 94 S.E. 2d at 329.

In the present case, the trial court properly instructed the jury as to the burden of proof, and upon these instructions the jury found that plaintiff-wife had failed to meet her burden.

For the reasons stated, we find

No error.

Judge ARNOLD concurs.

Judge WEBB dissenting.

I dissent from the majority because I do not believe there was sufficient evidence of justification for the defendant to leave his wife to be considered by the jury. It appears to me that under all the evidence, the defendant could have continued the marriage without endangering his health, safety and self-respect. *Caddell v. Caddell*, 236 N.C. 686, 73 S.E. 2d 923 (1952). Since I do not believe there was evidence of justification, I do not believe the plaintiff should have been required to prove there was not justification.