EDITH F. CORBETT v. ELTON CORBETT

No. 837DC549

(Filed 17 April 1984)

1. **Divorce and Alimony § 5— defense of recrimination—issue of justification**

In an action for divorce from bed and board in which the plaintiff-wife alleged indignities and the defendant-husband asserted the defense of recrimination, in view of the plaintiff's evidence of indignities, a question for the jury was raised as to whether plaintiff's alleged abandonment was justified and defendant's motions for a directed verdict were therefore properly denied.

2. **Divorce and Alimony § 28.1— judgment for divorce from bed and board—motion to eject defendant from home allowed—jurisdiction of district court**

Where a judgment granting plaintiff a divorce from bed and board was entered on 10 March 1983; defendant gave notice of appeal in open court; on 22 April 1983, plaintiff filed a motion in the cause seeking to have defendant ejected from her home, and the motion was allowed, under G.S. 1-294, the district court had jurisdiction to enter the order requiring defendant to vacate the premises since plaintiff's right to possession of her home was separate and unrelated to the matter of the judicially declared separation.

Judge WELLS dissenting in part.

APPEAL by defendant from *Ezzell, Judge.* Judgment entered 10 March 1983 in District Court, WILSON County. Heard in the Court of Appeals 3 April 1984.

*Farris, Thomas and Farris by Robert A. Farris for plaintiff appellee.*

*George A. Weaver for defendant appellant.*

BRASWELL, Judge.

This is an action for a divorce from bed and board in which the plaintiff-wife alleged indignities and the defendant-husband asserted the defense of recrimination. From a judgment granting plaintiff a divorce from bed and board in accordance with the jury's verdict, defendant appeals. The issues on appeal are (1) whether the trial court erred in denying defendant's motions for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence, and (2) whether the trial court had jurisdiction to enter an order in the cause ejecting defendant from plaintiff's house after an appeal had been taken from the judgment granting a divorce from bed and board.

[1]  In his brief, defendant does not challenge the sufficiency of the plaintiff's evidence of the various indignities defendant inflicted upon her. Rather, he argues that his defense of recrimination was established as a matter of law because the evidence showed that plaintiff abandoned him by changing the locks to the house and leaving the house while he was out of town visiting his brother. We disagree.

An abandonment occurs when one spouse brings the cohabitation with the other spouse to an end *without justification,* without the consent of the other spouse and without intent of renewing it. (Emphasis added.) *Panhorst v. Panhorst,* 277 N.C. 664, 178 S.E. 2d 387 (1971). The spouse alleging abandonment must prove the absence of justification for the abandonment. *Morris v. Morris,* 46 N.C. App. 701, 266 S.E. 2d 381, *aff'd,* 301 N.C. 525, 272 S.E. 2d 1 (1980). Recrimination is an affirmative defense which must be proven by the defendant with the same character of evidence and the same certainty as if the defendant were setting it up as a ground for divorce. *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492 (1945); 1 R. Lee, N.C. Family Law § 88 (4th ed.

1979). Here, Mr. Corbett has failed to carry his burden of showing the lack of justification as a matter of law. In view of plaintiff's evidence of indignities, a question for the jury was raised as to whether plaintiff's alleged abandonment was justified. Defendant's motions for a directed verdict were therefore properly denied.

[2] The judgment granting plaintiff a divorce from bed and board was entered on 10 March 1983. Defendant gave notice of appeal in open court. On 22 April 1983, plaintiff filed a motion in the cause seeking to have defendant ejected from her home. The trial court allowed the motion and entered an order requiring defendant to vacate the premises. The issue is whether the District Court had jurisdiction to enter that order during the pendency of the appeal from the judgment of divorce from bed and board. Under the facts of this case, we hold that the District Court did have jurisdiction.

G.S. 1-294 provides that an appeal "stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." The matter of plaintiff's right to possession of her own home, which was titled solely in her name, was separate and unrelated to the matter of the judicially declared separation. The trial court therefore had jurisdiction to enter the order. *Manufacturing Co. v. Arnold*, 228 N.C. 375, 387-88, 45 S.E. 2d 577, 585 (1947); *Herring v. Pugh*, 126 N.C. 852, 36 S.E. 287 (1900). *See also Cox v. Cox*, 33 N.C. App. 73, 75, 234 S.E. 2d 189, 190 (1977). In *Cox*, a divorce case, the court said, "It appears that the appraisal matter on the one hand and the reduction of support matter on the other are different and unrelated matters, and the appeal from the order relating to the appraisal did not divest the trial court of jurisdiction to hear and determine the plaintiff's motion for reduction of support." *Id.*

The judgment of the District Court is

Affirmed.

Judge ARNOLD concurs.

Judge WELLS concurs in part and dissents in part.

Judge WELLS dissenting in part.

I dissent to that part of the majority opinion which holds that the trial court retained jurisdiction to consider plaintiff's post-appeal motion in the cause to have defendant ejected from the marital home, it being my position that plaintiff's appeal divested the trial court of jurisdiction to consider such motion. *See Bowen v. Motor Co.*, 292 N.C. 633, 234 S.E. 2d 748 (1977).